**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|                                         |   |                                |
|-----------------------------------------|---|--------------------------------|
| JAY BONANZA BRILEY,                     | : |                                |
|                                         | : | Civ. Action No. 17-6883 (RMB)  |
| Petitioner,                             | : |                                |
|                                         | : |                                |
| v.                                      | : | **OPINION**                    |
|                                         | : |                                |
| MR. ORTIZ, Warden,                      | : |                                |
| FCI Fort Dix,                           | : |                                |
|                                         | : |                                |
| Respondent.                             | : |                                |

**BUMB**, District Judge

On September 8, 2017, Petitioner, Jay Bonanza Briley ("Briley"), presently incarcerated in FCI Fort Dix, in Fort Dix, New Jersey, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediately release and vacation of his sentence for supervised release and restitution. (Pet., ECF No. 1.) Petitioner has established his financial eligibility for IFP status, and his IFP application (ECF No. 1-1) will be granted.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to 28 U.S.C. § 2241 through Rule 1, scope of the rules, provides, in relevant part:

> The judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

For the reasons discussed below, the Court dismisses the petition.

I. BACKGROUND

This is Briley's third attempt to gain early release based on an alleged error in his Pre-Sentence Report ("PSR.") In Civil Action 17-1750(RMB), Petitioner alleged his PSR contained inaccurate medical conclusions, preventing him from removing a Public Safety Factor from his prison records and obtaining a lower security classification that would permit him to seek early release to home confinement. (Briley v. Ortiz, Civ. Action No. 17-1750(RMB) ("Action 1750") (D.N.J.) (Pet., ECF No. 1.)) This Court dismissed Action 1750 because Petitioner did not state a cognizable Due Process Claim . (Id., Opinion, ECF No. 3.)

In Action 3535, Petitioner sought immediate release to home confinement pursuant to 18 U.S.C. § 3621(b). (Briley v. Ortiz, Civ. Action No. 17-3535(RMB) ("Action 3535") (D.N.J.) (Pet., ECF No. 1.) The Court dismissed Action 3535 because the only relief

habeas relief available pursuant to 18 U.S.C. § 3821(b) is an order directing the BOP to consider whether Briley should be transferred pursuant to § 3621(b).

Briley requests the following relief based on the same facts he alleged in Action 1750, that his probation officer failed to correct errors in his PSR:

> Plaintiff request a Order from this Court to Warden Ortiz that the Plaintiff is to be immediately released from incarceration at Ft. Dix, FCI, to remove his three years of supervise release and to remove his restitution obligation because the Plaintiff's USPO falsely stated erroneous claims to justify the Plaintiff's long term incarceration, restitution, and deprivation of serving his time at a Camp.

(Pet., ECF No. 1, ¶16.)

II. DISCUSSION

28 U.S.C. § 2241(c)(3) provides "[t]he writ of habeas corpus shall not extend to a prisoner unless—[] He is in custody in violation of the Constitution or laws or treaties of the United States." However, the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence is through a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A petitioner can resort to § 2241 for relief only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. <u>In re</u>

3

Dorsainvil, 119 F.3d 245, 249-51 (3d Cir.1997). A § 2255 motion is not "inadequate or ineffective" simply because the petitioner cannot meet the gatekeeping requirements of § 2255. Okereke, 307 F.3d at 120. A § 2255 motion is not inadequate or ineffective solely because the sentencing court denied relief. Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam).

By challenging information in his PSR that was used to sentence him, and seeking relief in the form of vacation of his sentence for supervised release, restitution, and immediate release, Briley is challenging the validity of his conviction or sentence. Briley has already brought more than one § 2255 motion in his sentencing court. See U.S. v. Briley, 12cr482 (E.D. Va. May 26, 2016) (ECF No. 217) (dismissing Rule 60(b) motion without prejudice to Briley's right to move the Fourth Circuit for leave to file a successive § 2255 motion raising claim that exculpatory medical evidence was withheld from him).

Briley must now get permission from the 4th Circuit Court of Appeals before he can bring a second or successive § 2255 motion. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . .") Petitioner cannot use § 2241 to get around the gatekeeping requirements of § 2255. See Bowens v. U.S., 508 F. App'x 96, 98-99 (3d Cir. 2013)

4

(finding the petitioner's unsuccessful pursuit of relief under § 2255, and the fact that he was barred from filing a successive § 2255 motion, did not establish the inadequacy of relief § 2255.) Therefore, Petitioner has not stated a cognizable habeas claim under § 2241.

III. CONCLUSION

For the reasons discussed above, the Court dismisses the petition for a writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction.

An appropriate Order follows.

Dated:  September 26, 2017

                                      s/Renée Marie Bumb
                                      **Renée Marie Bumb**
                                      **United States District Judge**